### SAMCO MORTGAGE CORPORATION, Plaintiff,

v.

### Richard Anthony KEEHN and Georgia Lois Keehn, husband and wife, and the Department of the Treasury–Internal Revenue Service, Defendants.

#### No. C89–0035J.

United States District Court, D. Wyoming.

Aug. 3, 1989.

---

Peter G. Arnold, Cheyenne, Wyo., for plaintiff.

Toshiro Suyematsu, Asst. U.S. Atty., Cheyenne, Wyo., for defendants.

## ORDER RULING ON MOTION FOR SUMMARY JUDGMENT

JOHNSON, District Judge.

The plaintiff, *Samco Mortg. Co.*, commenced this action in state court as one for foreclosure of its real estate mortgage encumbering property on which the IRS has filed several tax liens. The action was removed to this court on February 13, 1989. The IRS has moved for summary judgment seeking a declaration that its liens have priority over the mortgage held by the plaintiff.

After the taxpayers, Richard Anthony Keehn and Georgia Lois Keehn, acquired in 1980 their interest in the real estate at issue, they executed a mortgage encumbering the property to TransAmerica Corporation. The mortgage was recorded on June 6, 1983. The plaintiff became the owner of the mortgage by assignment on March 1, 1987. The warranty deed under which the taxpayers acquired the property at issue described it as follows:

> Beginning 6⅔ rods South of the Northwest Corner of Lot 2, Block 13, Afton Townsite Survey, Lincoln County, Wyoming, and running thence East 20 rods, thence South 6⅔ rods, thence West 20 rods, thence north 6⅔ to the point of beginning, together with water rights and improvements.
>
> EXCEPTING and RESERVING therefrom the following described tract of land: Beginning 6⅔ rods South and 10 rods East of the Northwest Corner of Lot 2 of Block 13, Afton Townsite Survey, Lincoln County, Wyoming, thence running East 10 rods, thence South 6⅔ rods, thence West 10 rods, thence North 6⅔ rods to the point of beginning, together with water rights and improvements.

The mortgage executed by the Keehns and eventually assigned to the plaintiff described the property it purportedly encumbered as follows:

> Beginning 6⅔ south of the northwest corner of Lot 2, Block 13, Afton Townsite survey, Lincoln County, Wyoming, and running thence east 20 rods, thence south 6⅔ rods; thence west 20 rods; thence 6⅔ rods to the point of beginning. Excepting and reserving the following described parcel: beginning 6⅔ rods south of the northwest corner of Lot 2, Block 13, Afton Townsite survey, Lincoln County, Wyoming, and running thence east 10 rods; thence South 6⅔ rods; thence west 10 rods; thence north 6⅔ rods to the point of beginning.

Recognizing the mortgage erroneously described the Keehns' property, the plaintiff brought an action in state court to reform the mortgage so that it would reflect the actual legal description of the Keehns' property. The state court granted the requested relief to the plaintiff on November 14, 1988. Prior to the reformation of the mortgage, however, on March 22, 1984, the IRS filed two tax liens for back taxes owed by the Keehns. The IRS filed a third tax lien against the Keehns on October 11, 1985. In its foreclosure action, the plaintiff named the IRS as a party defendant because of the three outstanding federal tax liens. Although the tax liens were filed after the plaintiff's mortgage, the IRS now seeks summary judgment declaring its liens to be superior to the plaintiff's lien on the ground that the mortgage misdescribed the taxpayers' property.

■ Under the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321–6326, a lien is created in favor of the United States upon all property of a taxpayer whenever that taxpayer refuses or neglects after demand to pay any tax owed to the United States. 26 U.S.C. § 6321. The lien arises at the time of a delinquent tax assessment and becomes valid against a mortgagee when the IRS files notice of its lien. 26 U.S.C. §§ 6322 and 6323. Under the Act, the general rule of priority is that a "lien first in time is first in right." *United States v. City of New Britain*, 347 U.S. 81, 85–86, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954); *see also United States v. Central Bank of Denver*, 843 F.2d 1300, 1306 (10th Cir.1988) (discussing the general rule of priority for state created liens that compete with federal tax liens). Notwithstanding this rule, a lien first in time to a federal tax lien will have priority only if it is "choate." *United States v. Bell Credit Union*, 860 F.2d 365, 371 (10th Cir.1988). It is a question of federal law when a lien has become choate or perfected. *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 88, 83 S.Ct. 1651, 1654, 10 L.Ed.2d 770 (1963). Under the rule articulated by the Supreme Court, a state created lien is choate or perfected when " 'there is nothing more to be done [to perfect it] ... when the identity of the lienor, *the property subject to the lien*, and the amount of the lien are established.' " *Id.;* (quoting *United States v. New Britain*, 347 U.S. at 84, 74 S.Ct. at 369) (emphasis added).

The court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of informing the court of the basis for its motion, "which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). However, once the moving party meets this initial burden, the burden shifts to the non-moving party to make a sufficient showing establishing the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* Failure to make this showing will entitle the moving party to judgment as a matter of law.

■ The warranty deed conveyed to the Keehns the west end of the parcel described in the deed, while reserving the east end to the grantor. The mortgage, however, describes the Keehns as owning the west end of this parcel, with the east end being reserved by the grantor. Thus, at time the IRS filed its federal tax liens, the identity of the property at issue was not established by the plaintiffs' mortgage. Instead, more needed to be done before the plaintiff's mortgage could be established as to this second requirement of a choate state lien. Because the plaintiff cannot show that this second requirement was met when the IRS filed notices of the federal tax liens, its mortgage does not have priority over the tax liens at issue. Indeed, the plaintiff recognized that more had to be done to perfect its mortgage when the plaintiff filed its reformation action in state court.

The plaintiff, however, argues that the mortgage accurately described the Keehns' property at the time the IRS filed its notices of tax liens because the mortgage listed the Keehns' address, which was 325 Monroe, Afton, Wyoming. Although the mortgage did correctly list the taxpayers' address, there is no indication from reading the mortgage that the Keehns' address and the mortgaged property were one and the same. Further, plaintiff cannot rely on a relation back theory to give its mortgage priority over the federal tax liens. The Supreme Court long ago rejected the relation back theory to give an inchoate state created lien priority over a federal tax lien. *See United States v. Security Trust and Savings Bank*, 340 U.S. 47, 50, 71 S.Ct. 111, 113, 95 L.Ed. 53 (1950).

To avoid summary judgment, the plaintiff must offer evidence that would put in issue whether its mortgage was perfected

**1212**

at the time the federal tax liens were filed. Although the mortgage when originally filed may have been deemed perfected under state law, such a conclusion is not binding upon the United States when asserting priority of its tax liens. *See generally* Annotation, *Federal Tax Lien–Competing Liens,* 94 A.L.R.2d 748, 760 (1964). The court finds there is no genuine issue of material fact concerning the priority of the federal tax liens. Accordingly,

IT IS HEREBY ORDERED that the Government's motion for summary judgment declaring its federal tax liens superior to the defendant's mortgage be, and the same hereby is, GRANTED.